UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Abramou,

                              Petitioner,

                v.

United States Department of Justice and
Homeland Security,

                              Respondent.

26-CV-664 (DEH)

ORDER

DALE E. HO, United States District Judge:

On January 21, 2026, Petitioner Vladislav Abramou ("Petitioner" or "Mr. Abramou"), proceeding *pro se*, filed a petition for writ of habeas corpus, ECF No. 1, seeking release from custody pending his removal because he had been detained for longer than 90 days.  On January 26, 2026, this Court filed a stay of removal and ordered Respondent to show cause as to, *inter alia*, "whether there is any basis to distinguish this case from this Court's decisions in *J.M.P. v. Arteta*, No. 25 Civ. 4987, 2025 WL 2614688 (S.D.N.Y. Sept. 10, 2025) and *J.M.P. v. Arteta*, No. 25 Civ. 4987 2025 WL 2984913 (S.D.N.Y. Oct. 23, 2025), or from any other decision of this Court."  ECF No. 6.  On January 8, 2026, Respondent filed a letter, ECF No. 8, stating that "[t]he facts in this case are materially distinguishable from" the above-cited cases because "Petitioner is subject to a final order of removal, and is detained under 8 U.S.C. § 1231(a)(6) pending his removal."  The Court then ordered Respondent to file further briefing as to why the petition for writ of habeas corpus should not be granted.  ECF No. 10.  Respondent filed that briefing on February 3, 2026.  ECF No. 11.  On February 6, 2026, this Court received a letter from Petitioner, ECF No. 16, which it construes as a Reply to Respondent's opposition briefing.  In that Reply, Petitioner details various transfers between detention facilities and states that at some point during this period of detention he was "flown to JFK then Uzbekistan.  When [he] arrived

at Uzbekistan, [he] was not permitted in the country because [he] had no travel documentation. [He] was then taken back to the United States after being stuck in Uzbekistan for three days." *Id.* Petitioner, whose "removal period" of detention commenced on July 3, 2025, ECF No. 11 at 6 n.3, had been detained just over six months when this Court issued its order staying removal, and has now been detained for over eight months.

Respondent argues that detention is permitted under 8 U.S.C. § 1231(a)(6) because "the Supreme Court has held that aliens subject to final removal orders may be detained for as long as is 'reasonably necessary to bring about that alien's removal from the United States.'" *Id.* at 7 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)). As Respondent notes, that "presumptively reasonable period of time" is six months. *Id.* Respondent states that Petitioner has not met his burden in showing that "there is no significant likelihood of removal in the reasonably foreseeable future," *id.*, and that even if he could, the government "has made significant progress in its efforts to obtain a travel document for Petitioner" including requests for travel documents from Uzbekistan, of which Petitioner is a citizen, and efforts to obtain Israeli citizenship on Petitioner's behalf. *Id.* at 9.

Respondent's argument is based on its statutory authority to detain Petitioner beyond the six-month "presumptively reasonable period of time." Petitioner, however, states that Respondent attempted, but could not complete, his removal from the country—thereby suggesting that removal is not "reasonably foreseeable." Notably, Respondent's opposition makes no mention of its apparent failed attempt to deport Mr. Abramou to Uzbekistan.

In *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 583 (2022), the Supreme Court remanded to lower courts to decide whether constitutional due process concerns required a bond hearing, even when § 1231(a)(6) did not require such a hearing after six months of detention. Since then, courts in this district have ordered bond hearings in situations similar to the one here, after

finding constitutional violations arising from continued detention without such a hearing. *See Lu v. Genalo*, No. 25 Civ. 7161, 2025 WL 3512244 (S.D.N.Y. Dec. 8, 2025) (requiring a bond hearing on constitutional due process grounds when Petitioner had been detained pursuant to §1231(a)(6) with no bond hearing for over three months); *Caceres v. Joyce*, No. 25 Civ. 1844, 2025 WL 3171865 (S.D.N.Y. Nov. 13, 2025) (denying Respondents' motion to dismiss because Petitioner, detained pursuant to § 1231(a)(6) for 45 months, had adequately alleged a claim of unconstitutional prolonged detention); *Cabrera Galdamez v. Mayorkas*, No. 22 Civ. 9847, 2023 WL 1777310, at *4 (S.D.N.Y. Feb. 6, 2023) (holding that "Petitioner's prolonged detention under § 1231(a)(6) without a bond hearing is unreasonable and violates his right to due process" for a petitioner detained for 16 months). Further, the Second Circuit has stated "that *any* immigration detention exceeding six months without a bond hearing raises serious due process concerns." *Black v. Decker*, 103 F.4th 133, 150 (2d Cir. 2024) (emphasis added).

3

While Petitioner does not expressly raise these particular points, the Court construes the petition to raise the strongest arguments it suggests, as the Court must with *pro se* petitioners. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).  Because Respondent did not address these issues, Respondent shall, by **March 13, 2026**, file additional briefing to show cause as to why Petitioner should not be entitled to a bond hearing pursuant to the above-cited cases.  Further, Respondent shall inform the Court of the dates in which it attempted to deport Mr. Abramou, and provide the Court with any documentation it has regarding that attempt.  Respondent's brief may take the form of a letter acknowledging that there is no material difference between this case and one or more of the cases cited above.  Counsel for Respondents is directed to serve a copy of this Order on Petitioner, and to file proof of service on the docket.

SO ORDERED.

Dated: March 8, 2026
         New York, New York

_____
           DALE E. HO
      United States District Judge

4