UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Abramou,

                            Petitioner,

            v.

United States Department of Justice et al.,

                        Respondents.

26-CV-664 (DEH)

ORDER FOR APPEARANCE
OF PRO BONO COUNSEL

DALE E. HO, United States District Judge:

On January 21, 2026, Petitioner Vladislav Abramou ("Petitioner" or "Mr. Abramou") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, while Petitioner was detained in the Orange County Correctional Facility within the Southern District of New York. Petitioner, who has been detained for eight months pending removal, seeks release from custody because he has been detained for longer than the statutorily allowable 90 days, 8 U.S.C. § 1231(a)(6), and he alleges removal is not "reasonably foreseeable" due to an inability to obtain travel documents from Uzbekistan and a failed deportation attempt, ECF No. 11. Respondents argue that continued detention is appropriate under § 1231(a)(6) because the government "has made significant progress in its efforts to obtain a travel document for Petitioner," ECF No. 8 at 9. Respondents further argue that there are no due process concerns with continued detention absent a bond hearing because Petitioner's criminal history weighs in favor of the government's interests in detention. ECF No. 18.

The Court finds that the appointment of pro bono counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the

party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioner because Mr. Abramou's claim has substantial merit.  In particular, whether there is a significant likelihood of removal in the reasonably foreseeable future may present questions of fact that are difficult for Petitioner, who remains detained, to investigate.  Moreover, Petitioner's due process claims raise complex legal issues that may be difficult for a pro se petitioner to adequately argue.  Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues . . . ." *Hodge*, 802 F.2d at 61.

Accordingly, the Court respectfully directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.  It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989).  There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another.  In either instance, Petitioner should be prepared to proceed with the case *pro se*.  If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on his own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

## CONCLUSION

For the foregoing reasons, the Court respectfully directs the Clerk of Court to attempt to locate *pro bono* counsel to represent Petitioner in this case.  The hearing currently scheduled for March 18, 2026 at 11:30 A.M. is **ADJOURNED SINE DIE**.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Counsel for Respondents is directed to serve a copy of this Order on Petitioner, and to file proof of service on the docket.

SO ORDERED.

Dated: March 17, 2026
      New York, New York

DALE E. HO
United States District Judge

3